**UNITED STATES of America ex rel. James Morris JOHNSON**

v.

**Alfred T. RUNDLE, Superintendent, State Correctional Institution, Appellant.**

**No. 15136.**

United States Court of Appeals Third Circuit.

Argued March 5, 1965.

Reargued Dec. 4, 1967.

Decided Dec. 11, 1967.

Richard A. Devlin, Asst. Dist. Atty., Montgomery County, Norristown, Pa., (Richard S. Lowe, Dist. Atty., Montgomery County, Norristown, Pa., on the brief), for appellant.

Daniel L. Quinlan, Jr., Quinlan, Torak & DeYoung, Norristown, Pa., for appellee.

Before MARIS, KALODNER and SEITZ, Circuit Judges.

**OPINION OF THE COURT**

**PER CURIAM:**

Following the original argument of this case this court affirmed, 349 F.2d 416, the order of the district court, 243 F.Supp. 695, granting the relator's petition for a writ of habeas corpus. The action of the district court was based upon its conclusion that the introduction of the relator's prior criminal record into evidence in his criminal trial in a Pennsylvania state court, as then permitted under Commonwealth v. Parker, 1928, 294 Pa. 144, 143 A. 904, was so fundamentally unfair as to deny him due process of law.

Subsequently the Supreme Court granted certiorari and reversed our judgment upon the authority of Spencer v. State of Texas, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, thus holding that the introduction, under the Parker rule, of the evidence of the relator's prior convictions did not invade his constitutional rights. The cause was remanded to us by the Supreme Court "for consid-

eration of the unresolved issues" in the case. An examination of the opinion of the district court in this case discloses that although the court noted that the relator's trial record was not devoid of other serious questions of constitutional import, it did not decide any of them in view of its dispositive holding with respect to the evidence of prior convictions. The judgment of the district court must accordingly be reversed and the cause remanded for consideration and decision of such unresolved issues as the relator may wish to raise.

It will be so ordered.